UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GENEO BROWN,

        Petitioner,

        -v-

DEPARTMENT OF CORRECTIONAL SERVICES, et al.,,

        Defendants.

DECISION AND ORDER
09-CV-0949S(F)

---

This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), for all pre-trial matters, including but not limited to (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. (Docket No. 6.)

On March 25, 2010, the Court granted plaintiff, who is acting *pro se*, permission to proceed *in forma pauperis* and dismissed some of the claims pled in the complaint and directed the Clerk of the Court to cause the United States Marshals service to serve the summons and complaint upon the defendants with respect to the remaining claims. (Docket No. 3, Order.) On May 27, 2010, summonses were issued and, according to the Docket Report it appears that, to date, all the defendants have been served and have answered the complaint except Dr. Joseph Haluska, Correctional Officer Deburgomaster, Esgrow, Southport Hearing Officer, New York State Department of Correctional Services ("DOCS") and New York State Department of Mental Health ("OMH"). The Court's Pro Se Office has

contacted the New York State Attorney General's Office, the office that has appeared on behalf of the defendants herein, to obtain their assistance regarding the status of service on the defendants referred to above. As to Esgrow, it appears that he did not receive the summons and complaint at Southport. As to Haluska, he is retired and there is no information regarding whether he was forwarded the summons and complaint once it was received at Southport. As to defendants DOCS and OMH, the Docket Report does not whether summonses were issued for them or whether, if summonses were issued, they have been served and returned by the Marshals Service as unexecuted. As to defendant Deburgomaster, there is no information as to whether he was served at Southport.[1]

Once a plaintiff is granted permission to proceed *in forma pauperis* the burden of effecting service on the defendant shifts from the incarcerated plaintiff to the Court. See *Romeandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1996) ("The interests of justice, informed by a liberal interpretation of Rule 4, are best served by allowing [incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service). Once an inmate-plaintiff has provided the Marshal with the information necessary to serve his complaint, "he is absolved of further responsibility for service." *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (S.D.N.Y., Feb. 7, 2005).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon the defendants referred to above, see *Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) (once plaintiff identifies defendant, Marshal's failure to serve automatically

---

[1] N.Y.C.P.L.R. § 312-a(b), which is the method of service the Marshal Service utilizes in this District, provides that service is not "complete" until the defendant returns the signed acknowledgment of receipt of service to the sender–in this case the Marshals Service.

2

constitutes good cause), and the Clerk of the Court is directed to re-issue the summonses as to defendants Dr. Joseph Haluska, Deburgomaster, Esgrow, New York State Department of Correctional Services and New York State Department of Mental Hygiene and cause the United States Marshal to re-serve the summons and complaint on said defendants. Defendants Esgrow and Deburgomaster can be served at the Southport Correctional Facility. The New York State Department of Correctional Services can be served at NYS Department of Correctional Services, Building 2, 1220 Washington Avenue, Albany, New York 12226-2050; and the New York State Office of Mental Health can be served at 44 Holland Avenue, Albany, New York 12229.

As to defendant Haluska, the Marshals Service shall serve William Gonzales, DOCS Counsel's Office, NYS Department of Correctional Services, Building 2, 1220 Washington Avenue, Albany, New York 12226-2050, who shall then notify Haluska of service of the summons and complaint and request that he acknowledge service.

The Attorney General's Office is requested to assist the Court and Marshals Service in confirming that the defendants have been served, and to notify the Court in writing within 60 days of receipt of this Order of the status of service on these defendants.

Pursuant to 42 U.S.C. § 1997e(g)(2), defendants are directed to answer the complaint.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2010
Buffalo, New York